**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| CRISTINA VALLECILLO,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>　　　　　　Defendant. | No. 18-CV-2034-CJW-MAR<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.　INTRODUCTION

This matter is before the Court on a Report & Recommendation (R&R) by the Honorable Mark A. Roberts, United States Magistrate Judge. (Doc. 17). Judge Roberts recommends that the Court affirm the decision of the Commissioner of Social Security (the Commissioner) denying plaintiff Cristina Vallecillo's (claimant) application for continuation of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 1381, et. seq. (Act). (*Id.*, at 1). Claimant filed a timely objection on August 9, 2019. (Doc. 18). The Commissioner has not responded and the deadline for a response has expired.

## II.　APPLICABLE STANDARDS

### A.　*Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate

to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [administrative law judge (ALJ)], but [it does] not re-weigh the evidence[.]" *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citation omitted).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citation omitted), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citation omitted). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently[.]" *Culbertson*, 30 F.3d at 939 (citation omitted). The court may not reverse

the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a clearly erroneous standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error."). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. THE R&R

Claimant applied for Social Security benefits claiming she was disabled due to visual impairments, diabetes, arthritis in her hands, and asthma, asserting an onset date of November 9, 2012. (AR 207, 295). On February 5, 2015, and February 23, 2015, the Commissioner denied claimant's application. (AR 206-15, 242). On July 22, 2015, the Commissioner denied claimant's request for reconsideration. (AR 134). On May 23, 2017, ALJ Gerald Meyr held a hearing on claimant's application. (AR 173-205, 259). On December 7, 2017, the ALJ found claimant was not disabled. (AR 131-50). On April 24, 2018, the Appeals Counsel denied claimant's appeal of the ALJ's decision. (AR 1-3).

On June 13, 2018, claimant filed her complaint with this Court. (Doc. 4). By January 23, 2019, the parties had fully briefed the issues and the Court referred the case to Judge Roberts for a Report and Recommendation. (Docs. 13-16). In her brief, claimant argued the ALJ erred in determining that she was not disabled because the ALJ failed to give good reasons for assigning no weight to the bending and lifting restrictions opined by claimant's ophthalmologist, Dr. James Folk. (Doc. 13, at 3-8). Claimant also challenged the validity of the ALJ's appointment under the Appointments Clause. (*Id.*, at 9-10).

Judge Roberts found the ALJ did not err in not giving Dr. Folk's opinion controlling weight because that opinion was inconsistent with the other evidence in the record. (Doc. 17, at 14-28). In conducting his analysis, Judge Roberts properly focused

4

on the six factors pertinent to determining the weight to be given a medical opinion, citing 20 C.F.R. § 404.1527(c)(2). (*Id.*, at 14). Judge Roberts found the ALJ properly discounted Dr. Folk's opinion about claimant's exertional limitations because Dr. Folk did not have a longitudinal history of treating claimant for anything other than her visual problems. (*Id.*, at 14-15). Judge Roberts likewise found that the ALJ properly considered that Dr. Folk had no records of treating claimant for anything other than her eye problems. (*Id.*, at 15). Judge Roberts also found that, although Dr. Folk was a specialist, Dr. Folk was not a specialist with regard to claimant's exertional limitations. (*Id.*, at 15-16). Nevertheless, because Dr. Folk was a medical doctor, Judge Roberts found that factor weighed "slightly in favor of affording Dr. Folk's exertional restrictions more weight than the ALJ afforded it." (*Id.*). Judge Roberts found, however, that the only basis Dr. Folk gave for the exertional limitations was blurred vision and that nothing in Dr. Folk's treatment notes supported exertional limitations. (*Id.*, at 17-19). Finally, Judge Roberts thoroughly and exhaustively reviewed all of the other medical evidence and concluded that the ALJ did not err in finding that Dr. Folk's exertional limitations were inconsistent with that evidence. (*Id.*, at 19-27). Judge Roberts consequently concluded that substantial evidence in the record as a whole supported the ALJ's decision. (*Id.*, at 27-28).

Judge Roberts also found that claimant waived a challenge to the ALJ's appointment by failing to raise the issue before the Commissioner. (*Id.*, at 28-30).

### IV. *STANDARD OF REVIEW*

Claimant objects to the R&R with regard to Dr. Folk by asserting that Judge Roberts should have "start[ed] with the ALJ's rational for the weight afforded to Dr. Folk's opinions and then determin[ed] whether that rational constituted a good reason," instead of weighing the "factors in 20 C.F.R. § 404.1527 to determine whether the ALJ could have provided good reasons" for the weight assigned to Dr. Folk's opinions. (Doc.

5

18, at 2-3): Claimant further argues that Judge Roberts misapplied the harmless error doctrine. (*Id.*).

As for her Appointments Clause challenge, claimant does not articulate how she believes Judge Roberts erred. (*Id.*, at 3-7). Claimant cites Judge Roberts' R&R only to note that it "decided to follow the prior decisions from the Northern District of Iowa and not grant relief on this issue" and to note that the R&R acknowledged contrary authority. (Doc. 18, at 4). Claimant does not explain how Judge Roberts' detailed analysis was in error. Rather, claimant merely repeats the arguments she made to Judge Roberts and simply disagrees with Judge Roberts' conclusions. Claimant's objection to the Appointments Clause issue fails to comply with Local Rule 72A, which states that "[a] party who objects to . . . a magistrate judge's report and recommendation must file specific, written objections to the . . . report and recommendation . . . ." (emphasis added); *accord* FED. R. CIV. P. 72(b)(2) (stating that "a party may serve and file *specific* written objections to the proposed findings and recommendations" (emphasis added)). Claimant's objection raises no specific deficiency in Judge Roberts' analysis. Claimant's objection does little more than reiterate her argument that Judge Roberts previously rejected without offering any new analysis. The Court is left to guess, then, where Judge Roberts allegedly erred. Indeed, claimant's objection would require the Court to duplicate the work Judge Roberts has already done, thus defeating the entire purpose of an R&R.

Claimant's objection to the Appointments Clause challenge, then, is akin to making no objection at all. *See, e.g.*, *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (finding that a general objection to the entirety of a magistrate judge's R&R "has the same effects as would a failure to object."); *United States v. Scott*, No. CR07–2004–MWB, 2007 WL 1668058, at *4 (N.D. Iowa June 7, 2007) ("Therefore, the court denies defendant Scott's objection on the ground that defendant

Scott has failed to state his objection with the requisite particularity."). The Eighth Circuit Court of Appeals has repeatedly noted that a number of circuits hold that a district court need not conduct a de novo review of a magistrate's order where the objecting party makes only a general, conclusory objection. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994); *see also Thompson v. Nix*, 897 F.2d 356, 357–58 (8th Cir. 1990) ("We also remind parties that objections must be . . . specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation."). The Eighth Circuit Court of Appeals has also noted that "[t]here is language in [*Branch v. Martin*, 886 F.2d 1043 (8th Cir. 1989)] which indicates this Circuit's approval of such an exception." *Belk*, 15 F.3d at 815 (citing *Branch*, 886 F.3d at 1046 ("In the present case, plaintiff's objections to the magistrate's factual conclusions were timely filed and specific enough to trigger *de novo* review." (further citations omitted))). Still, the Eighth Circuit Court of Appeals has suggested that, in cases involving "strikingly brief" records, or those in which a pro se litigant objects, district courts should apply de novo review more liberally, even in the face of general objections. *See id.* (holding that a pro se litigant's objections were "definite enough" to trigger de novo review of a concise record); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (holding that a litigant's "pro se objections sufficiently directed the district court to the alleged errors").

Here, claimant was represented by an experienced attorney. Claimant offers nothing more than a conclusory objection to Judge Roberts' Appointments Clause challenge analysis. Because this objection is not sufficiently specific to trigger de novo review, the Court will review that portion of claimant's objection for clear error.

### V. ANALYSIS

#### A. *Weight Afforded to Dr. Folk's Exertional Limitations Opinion*

Claimant objects to Judge Roberts' R&R regarding the weight the ALJ afforded Dr. Folk's exertional limitations opinion, arguing that Judge Roberts made two errors.

7

First, claimant argues that Judge Roberts conducted his own analysis of the factors in 20 C.F.R. § 404.1527 to determine whether there existed good reason to discount Dr. Folk's opinion. Claimant argues that Judge Roberts should have, instead, determined whether the reason articulated by the ALJ was supported by substantial evidence in the record. (Doc. 18, at 2-3). Second, claimant argues that Judge Roberts erred in conducting a harmless error analysis again by substituting his own analysis of the factors instead of determining whether a reasonable ALJ could have assigned more weight to Dr. Folk's opinion. (*Id.*, at 3). The Court will address each of the claimed errors in turn.

### 1. *Whether the ALJ Gave Good Reasons for Affording No Weight to Dr. Folk's Exertional Limitation Opinion*

Here, the ALJ gave "no weight" to Dr. Folk's exertional limitations opinion. (AR 142). The sole reason cited by the ALJ for dismissing this opinion was that the opinion was "beyond Dr. Folk's expertise." (*Id.*). In her appeal to this Court, claimant argued the ALJ "failed to give good reasons for assigning no weight" to Dr. Folk's exertional limitations opinion. (Doc. 13, at 3). Claimant argued that a medical doctor "is able to opine as to general physical limitations" even if the medical doctor is specialized in another area (as, for example, ophthalmology). (*Id.*, at 5). Claimant argued that the regulations could support an ALJ assigning "little weight" to a medical doctor ophthalmologist, but should have assigned more weight because Dr. Folk had "reasonable knowledge" that claimant's "Diabetic Macular Edema both eyes" supported a limitation "to light exertional level work with bending or stooping limitations." (*Id.*).

Judge Roberts found that Dr. Folk was, "by and large, capable of opining on general physical exertional limitations such as lifting and bending" and, thus, found the ALJ should have afforded "Dr. Folk's exertional limitations more weight than" she did. (Doc. 17, at 16). Judge Roberts correctly found the ALJ erred in affording Dr. Folk's exertional limitations opinion "no weight." Judge Roberts then proceeded to review the

8

factors under 20 C.F.R. § 404.1527 to assess whether the ALJ should have afforded Dr. Folk's opinion any weight. Claimant does not object to Judge Roberts' analysis that led him to conclude for various reasons stated that Dr. Folk's opinion was not entitled to any weight. Upon my own review of the record and Judge Roberts' analysis, I find it well-supported and well-reasoned.

Nevertheless, claimant is correct that Judge Roberts conflated a review of whether the ALJ's stated reasons for affording Dr. Folk's exertional limitations opinion no weight with a review of whether the factors could have supported that finding. The ALJ's opinion does not reflect that she considered all of the Section 404.157 factors in affording Dr. Folk's exertional limitations opinion no weight. Rather, the ALJ simply stated that she afforded that opinion no weight because it was outside Dr. Folk's expertise. This was error.

According to Social Security Ruling ("SSR") 96-2p,2 the regulations require that whenever an ALJ denies benefits, the decision:

> must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

Titles II & XVI: Giving Controlling Weight to Treating Source Med. Opinions, SSR 96-2P (S.S.A. July 2, 1996); *see* 20 C.F.R. § 402.35(b)(1) (SSRs "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted."). Ultimately, an ALJ must "give good reasons" to explain the weight given to a treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); *see also Reece v. Colvin*, 834 F.3d 904, 909 (8th Cir. 2016) ("Whether the ALJ gives the opinion of a treating [source] great or little weight, the ALJ must give good reasons for doing so."); *Prosch v. Apfel*, 201

9

F.3d 1010, 1013 (8th Cir. 2000) ("Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation.").

Here, as Judge Roberts correctly found, the ALJ did not give a good reason to afford Dr. Folk's exertional limitations opinion no weight. As a medical doctor, Dr. Folk's exertional limitations opinion was entitled to some weight even though it was on a subject outside of Dr. Folk's expertise. Even if, as Judge Roberts found and I agree, the record supports affording Dr. Folk's exertional limitations opinion no weight when considering all of the Section 404.1527 factors, the ALJ did not conduct that analysis and state her conclusions as the reason for affording Dr. Folk's opinion no weight. Accordingly, the Court sustains claimant's objection to that portion of Judge Roberts' R&R.

## 2. *Whether the ALJ's Error Was Harmless*

The next question is whether the ALJ's error was harmless and whether, as claimant asserts, Judge Roberts' analysis of this issue was flawed. Claimant argues that Judge Roberts should have determined "whether a reasonable ALJ could assign more weight to Dr. Folk's exertional limitations" opinion. (Doc. 18, at 3). Claimant cites no authority for the proposition that the test for harmless error is whether a reasonable ALJ could have afforded more weight to a treating physician's opinion. Indeed, that is not the standard for harmless error.

As Judge Roberts properly noted, an error is harmless when there is no indication that the ALJ would have reached a different decision without the alleged error. (Doc. 17, at 27 (citing *Byes v. Astrue*, 687 F.3d 913 (8th Cir. 2012)). In *Byes v. Astrue*, the court held that "[t]o show an error was not harmless, [claimant] must provide some indication that the ALJ would have decided differently if the error had not occurred." 687 F.3d at 917; *see also Welsh v. Colvin*, 765 F.3d 926, 929 (8th Cir. 2014) (holding

that ALJ's failure to explicitly consider an applicable Social Security Ruling "had no practical effect on the decision and therefore [was] not a sufficient reason to set aside the ALJ's decision"). It is the claimant's burden to show that the error was not harmless. *Byes*, 687 F.3d at 917. Failure to assign weight to a medical source's opinion is harmless when the unweighted opinion is consistent with the RFC. *Lockwood v. Colvin*, 627 F. App'x 575, 577 (8th Cir. 2015); *St. Cyre v. Saul*, No. 4:18 CV 627 DDN, 2019 WL 2716193, at *3 (E.D. Mo. June 28, 2019) ("Courts have found harmless error where an ALJ failed to afford weight to a treating physician, when an analysis of weight would not have affected the outcome, or when the ALJ 'engaged in a detailed discussion of their findings, and his decision [did] not conflict with them.'" (quoting *Williams v. Colvin*, 98 F. Supp. 3d 614, 632 (W.D.N.Y. 2015)). A court need not reverse an ALJ's harmless error. *See Byes*, 687 F.3d at 917; *Van Vickle v. Astrue*, 539 F.3d 825, 830 (8th Cir. 2008).

Here, Judge Roberts' harmless error analysis was correct. Judge Roberts reviewed in great detail the medical record and the ALJ's analysis of that record. Judge Roberts correctly concluded that there is no indication that even if the ALJ had afforded Dr. Folk's exertional limitations opinion some weight, that it would have affected claimant's RFC assessment or the ALJ's conclusion that claimant was not disabled. Claimant has failed to carry her burden of demonstrating that the ALJ's error was not harmless.

Accordingly, having conducted a de novo review, I find the ALJ erred by failing to provide good reasons for affording Dr. Folk's exertional limitations opinion no weight, but agree with Judge Roberts that any such error was harmless. Accordingly, I sustain in part and overrule in part claimant's objection to Judge Roberts' R&R on this issue.

### B. Appointments Clause Challenge

As noted above, the Court reviews this portion of Judge Roberts' R&R for clear error because claimant failed to identify the alleged error in Judge Roberts' analysis; rather, claimant simply repeated the arguments she made to Judge Roberts. I find no clear error in Judge Roberts' R&R on claimant's Appointments Clause challenge. Accordingly, I overrule claimant's objection to Judge Roberts' R&R on this issue.

### VI. CONCLUSION

For the reasons set forth herein:

1. Claimant's objections (Doc. 18) to the Report and Recommendation (Doc. 17) are **sustained in part and overruled in part**.

2. I **accept** the Report and Recommendation (Doc. 17), with modification. *See* 28 U.S.C. § 636(b)(1).

3. Pursuant to Judge Roberts' recommendation:

   a. The Commissioner's determination that claimant was not disabled is **affirmed**; and

   b. Judgment shall enter against claimant and in favor of the Commissioner.

**IT IS SO ORDERED** this 5th day of September, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa